

U.S. Department of Justice

United States Attorney
Eastern District of New York

WPC/FTB
F. #2013R01395

271 Cadman Plaza East
Brooklyn, New York 11201

June 26, 2014

By Hand and ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> Re: United States v. Syed Imran Ahmed
> Criminal Docket No. 14-277 (DLI)

Dear Judge Irizarry:

The government respectfully submits this letter to reply briefly to defense counsel's June 20, 2014 letter to the Court regarding the Bureau of Prison's ("BOP") TRULINCS email system.

First, although he never directly addresses the issue, counsel does not argue in his letter that TRULINCS emails are privileged. Letter of Moe Fodeman dated June 20, 2014 (hereinafter "Fodeman Ltr.") at 1 (contending that the government should not obtain his emails "[r]egardless of whether such communications qualify for protection under the attorney-client privilege"). The government appears to have misunderstood counsel's prior communication on that point. Thus it seems the parties agree there exists neither a legal nor a factual basis to contend that emails sent over TRULINCS are privileged.

Second, defense counsel essentially asks this Court to modify the BOP's administration of the nationwide TRULINCS system so that it can become a vehicle for privileged communication. Counsel asks that the government be ordered to segregate out attorney-client emails, contending that the process should consist of the "simple" task of "sorting Dr. Ahmed's emails by sender and recipient," which "should take a matter of minutes and hardly needs a team of additional [AUSAs] to accomplish." Fodeman Ltr. at 3. In point of fact, segregating out attorney-client emails from TRULINCS is not so simple. In fact, it is quite burdensome, further evidence of the fact that the TRULINCS system was never designed or intended to be used for privileged attorney-client communications.[1] Rather than prevailing upon

---

[1] Even if this type of segregation were possible, one can only imagine what defense counsel would say if the government implemented the "seemingly insignificant" review

this Court to address what he believes to be a problem with the nationwide TRULINCS systems, perhaps counsel could raise these issues with the BOP, the institution that researched, instituted and monitors the current system.

Third, any attempt to claim that the Sixth Amendment somehow demands the right to unmonitored email communication is fatally undermined by the program's recent adoption and conditional nature. See BOP Program Statement No. P5265.13, available at http://www.bop.gov/ ("Use of TRULINCS is a privilege; therefore, the Warden or an authorized representative may limit or deny the privilege of a particular inmate . . . ." (emphasis added)). The existing set of communication channels available to defendants to communicate confidentially with counsel -- unmonitored visits, unmonitored phone calls, monitored phone calls, regular mail -- was sufficient to satisfy the Sixth Amendment before the recent creation of TRULINCS, and they are similarly sufficient now, notwithstanding defense counsel's recent difficulties with the Metropolitan Detention Center.[2]

Fourth, defense counsel suggests that the government is motivated by a desire to read his emails with Dr. Ahmed. Fodeman Ltr. at 3 (arguing that despite contending that it is not seeking a strategic advantage, the government "has offered no rational basis for its position" that it may obtain attorney-client email). It is not. The government's position is motivated by the following rational bases: the law governing attorney-client privilege, the explicit notice given to every user of the TRULINCS system that the emails are monitored, and the need to refrain from wasting valuable resources by firewall reviewing emails that are not and never were privileged.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/ F. Turner Buford
F. Turner Buford
Trial Attorney
(718) 254-6483

cc: Moe Fodeman, Esq. (by ECF)

---

process he proposes, spending a "matter of minutes" segregating out emails between defense counsel and his client based on a search for specific senders and recipients, only to have substantive emails between Dr. Ahmed and a defense investigator, or a paralegal, or an outside attorney from whom Dr. Ahmed was seeking legal advice, sent to the trial team because these third parties and their email addresses were unknown to the government.

[2] When obtaining recorded telephone calls, government routinely asks the BOP not to send it monitored attorney-client telephone calls despite the fact that such telephone calls are not privileged communications. The BOP does not have the capacity to conduct such segregation with its email productions.