

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PEN/FTB/DJ
F. #2013R01395

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 30, 2016

By Hand Delivery and ECF

Moe Fodeman, Esq.
Catherine Grealis, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, NY 10019

Re: United States v. Syed Imran Ahmed
 Criminal Docket No. 14-277 (DLI)

Dear Counsel:

The government writes to make certain disclosures pursuant to Giglio v. United States, 405 U.S. 150 (1972). First, the government discloses that potential trial witness Roberta Dixon, who recently retired from Franklin Hospital, has signed a consulting contract with the hospital to provide assistance with the hospital's ongoing subpoena response (including file review and government interviews). In the contract, Northwell Health (the corporate successor to Franklin Hospital) agreed to pay Ms. Dixon $100 per hour for this work, which began prior to Ms. Dixon's retirement. A copy of the contract will be included with the government's next production of 3500 material.

In addition, the government discloses that potential trial witness Syed Rehan Ahmed was the part owner, along with two other co-owners, of a business called Perfect Home Health. One of Mr. Ahmed's co-owners was an individual named Rehan Khan. A federal grand jury sitting in the Eastern District of Michigan returned an indictment against Mr. Khan in August 2011. The indictment charged him with conspiracy to commit health care fraud (18 U.S.C. § 1349); conspiracy to pay and receive health care kickbacks (18 U.S.C. § 371); and money laundering (18 U.S.C. §§ 1956, 1957). In June 2012, Mr. Khan pleaded guilty to count one of a superseding indictment charging him with conspiracy to commit health care fraud (18 U.S.C. § 1349). In May 2013, Mr. Khan was sentenced to sixty months in prison. The docket number for the criminal case is 11-CR-20540. None of the charged conduct related to Perfect Home Health or Mr. Rehan Ahmed.

Finally, the government discloses that Dr. Frank Ross, whom the government expects to call as an expert witness, has been sued for malpractice on other occasions besides those identified in the government's second set of motions in limine. Dr. Ross cannot remember the details of these suits, other than that one involved an individual named Louise Woods. A search of the New York State Supreme Court website has not turned up any additional cases. Dr. Ross's memory is that these other suits were either dismissed by the court in their entirety without any finding of liability against Dr. Ross or that he was individually dismissed as a party to these suits without any finding of liability.

    Very truly yours,

    ROBERT L. CAPERS
    United States Attorney

By:    /s/ F. Turner Buford
    F. Turner Buford
    Trial Attorney
    718-254-6483

cc:    Clerk of the Court (DLI) (by ECF)
    Greg Andres, Esq. (by E-mail and ECF)
    Sarah Breslow, Esq. (by E-mail and ECF)