UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
          -against-                        :
                                           :        **MEMORANDUM AND ORDER**
SYED IMRAN AHMED,                          :            **14-cr-277 (DLI)**
                                           :
                        Defendant.         :
-------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

By letter dated June 24, 2016, the government moves to depose a witness identified as E.V. pursuant to Rule 15 of the Federal Rules of Criminal Procedure. Government's Letter dated June 24, 2016 ("Gov't. Ltr."), Dkt. Entry No. 132. Defendant[1] opposes. Defendant's Letter in Opposition ("Def. Ltr."), Dkt. Entry No. 138. For the reasons set forth below, the government's request is granted.

## BACKGROUND

E.V. is a government witness and one of the patient beneficiaries for whom Defendant allegedly submitted false claims to Medicare. According to the government, Defendant's billing records indicate that Defendant performed five surgeries per day on E.V. from January 3, 2013 through January 7, 2013. E.V. is expected to testify at trial that these surgeries never occurred.

On June 17, 2016, the government received a letter from E.V.'s doctor, Dr. Douglas S. Lax, D.O.,[2] regarding E.V.'s deteriorating medical condition. Letter from Dr. Lax dated June 8, 2016, Gov't. Ltr., Ex. 1, Dkt. Entry No. 132-1. In his letter, Dr. Lax states that E.V. has chronic kidney disease that will require dialysis in the coming weeks. He notes that E.V. also has

---

[1] Unless otherwise indicated, the Court incorporates into this Summary Order all party-name abbreviations and designations from the Amended Opinion and Order, dated July 1, 2016. Dkt. Entry No. 144.

[2] At a pre-trial status conference held on June 27, 2016, the government advised that Dr. Lax is not E.V.'s regular treating physician.

1

congestive heart failure that causes severe shortness of breath. Dr. Lax concludes that, because of E.V.'s medical condition, "it would be dangerous" for him to travel from his home on Long Island to Brooklyn to testify in person. The government asserts that E.V. is a material and necessary witness who is unavailable to testify at trial due to his medical condition and requests that the parties be permitted to depose E.V. pursuant to Federal Rule of Criminal Procedure 15 ("Rule 15").

## DISCUSSION

Rule 15 allows a party to request "that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id*. To establish "exceptional circumstances," the moving party must demonstrate that a prospective "witness' testimony is material to the case" and "the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984) (citing *United States v. Singleton*, 460 F.2d 1148, 1154 (2d Cir. 1972)); *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (same). The granting of a Rule 15 motion is within the discretion of the trial court. *Johnpoll*, 739 F.2d at 708 (citing *United States v. Hayutin*, 398 F.2d 944, 954 (2d Cir. 1968)).

  (A)   *Unavailability*

Courts measure unavailability "according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (citing *Ohio v. Roberts*, 448 U.S. 56, 74 (1979)). In cases where the movant alleges that medical issues prevent in-person testimony, "[u]navailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence, which includes situations in which a witness 'is unable to be present or to testify at the hearing because of . . . physical or

mental illness or infirmity." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (quoting FED. R. EVID. 804(a)(4)). The moving party must offer more than "conclusory statements" of counsel to establish that a witness is unavailable. *United States v. Chusid*, 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000) (citing *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir.1962)).

In opposing the government's motion, Defendant asserts that the only justification offered by the government in support of its deposition request is "a list of medications E.V. has been prescribed and a five-line doctor's note from a physician . . . who is not E.V.'s regular doctor. . . ." He argues that this evidence is insufficient to establish E.V.'s unavailability. The Court disagrees.

As an initial matter, the government did not provide the list of medications to show E.V. was unavailable; it provided the list *at Defendant's request* because of Defendant's concern that the medications might affect E.V.'s memory or ability to testify truthfully.[3]

As for the doctor's note, neither party cites any controlling precedent discussing the quantity or quality of medical evidence required to establish unavailability for health-related reasons under Rule 15.[4] The Court's own research suggests this is an issue of first impression in this Circuit. However, the Court notes that *Gigante* directs district courts to rely on Rule 804(a)(4) to determine illness-related unavailability for purposes of Rule 15. *Gigante*, 166 F.3d at 81. In *United States v. Bell*, 500 F.2d 1287 (2d Cir. 1974), the Circuit found that a doctor's letter "amply supported" the district court's finding that a key government witness was unavailable within the meaning of Rule 804(a)(4) because of a recent surgery. *Id.* at 1290. Since

---

[3] Nothing in this decision prevents Defendant from arguing at a later date that E.V.'s medications render him incompetent to testify.

[4] Defendant cites *Gigante* for the proposition that the Court should hold an evidentiary hearing on the issue. The parties' citations to non-controlling precedent largely cancel each other out. As discussed more fully below, the Court finds that a hearing is not warranted.

a doctor's note suffices to establish unavailability under Rule 804(a)(4), then, pursuant to *Gigante*, a doctor's note supports a finding of unavailability for purposes of Rule 15 as well.

Here, the government produced a doctor's note describing a number of serious, indeed potentially life-threatening, medical conditions of the witness. Dr. Lax opined that E.V.'s health would be jeopardized if he traveled to Court to testify. Although Dr. Lax is not E.V.'s regular doctor, the letter states that Dr. Lax consulted with E.V. personally in his office. Pursuant to *Bell's* construction of Rule 804(a)(4), this is sufficient to establish unavailability. For this reason, an evidentiary hearing is unnecessary.

 (B)   *Materiality*

Neither Rule 15 nor the Advisory Committee Notes define "materiality." Thus, "courts have assessed this prong of the 'exceptional circumstances' test in a variety of ways, asking, for example, whether the testimony is essential or critical to the defense, exculpatory or capable of negating an element of the government's case, or is instead cumulative or merely corroborative." *United States v. Hajbeh*, 284 F. Supp.2d 380, 384 (E.D.Va. 2003); *see also United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (materiality depends on whether anticipated "testimony is critical to the case").

Defendant argues that E.V.'s testimony is not critical to the government's case because, unlike Counts Two, Three, and Four, no count of the indictment specifically mentions E.V. or depends on E.V.'s testimony. He also asserts that E.V.'s testimony is cumulative of other witnesses who will testify that Defendant did not perform surgeries for which he billed. These arguments are unpersuasive.

With respect to Count One, the government must prove Defendant submitted false claims to Medicare as part of the overall health care insurance fraud scheme. This means that, for *each*

4

claim alleged to be part of the scheme, the government must prove, *inter alia*, that Defendant did not perform the surgery supporting that claim. Thus, because the government must demonstrate that Defendant did not perform surgeries on E.V., his testimony is critical. Moreover, this testimony is not cumulative because the other witnesses cannot testify as to whether Defendant performed surgeries on E.V.

Finally, Defendant's argument that E.V's testimony is not material is somewhat at odds with his repeated complaints that the government has not sufficiently identified the allegedly fraudulent claims at issue. Defendant's requests for more specificity in this regard demonstrate that he intends to put the government to its proof regarding each claim alleged to be fraudulent. This underscores the fact that the government will be required to demonstrate the falsity of each claim it alleges was part of the scheme, which includes the claims submitted on behalf of E.V. Accordingly, E.V.'s claims are material.

*(C)     Defendant's Sixth Amendment Rights and Undue Prejudice*

Defendant claims his Sixth Amendment right to meaningfully confront E.V. will be unduly infringed if the Court admits his testimony through a Rule 15 deposition. He argues that, if the Court accepts the government's proffer concerning E.V.'s diagnoses, then his medical condition renders him too frail to withstand counsel's cross-examination.

Under Defendant's logic, there are no circumstances under which a Rule 15 deposition could be authorized. If a witness is so ill as to require a Rule 15 deposition, then the defendant's Sixth Amendment rights are infringed; if the witness is healthy enough to face cross-examination, then he should be able to testify in court. Defendant cannot have it both ways. The cross-examination simply concerns whether or not Defendant performed certain medical procedures on E.V. This hardly calls for grueling cross-examination in an area that might cause

the witness severe emotional trauma such as cross-examination of a rape victim. Defendant's argument has no merit.

Defendant's final argument is that E.V.'s testimony would be unduly prejudicial because his medical condition will engender sympathy from the jury. Again, adopting Defendant's logic would tend to nullify Rule 15, as this concern almost always will be an issue for any witness who is unavailable to testify for health-related reasons. Moreover, because the Court finds E.V.'s testimony to be material under Rule 15, it necessarily is highly probative. Any prejudice resulting from E.V.'s medical condition is far outweighed by the testimony's probative value and can be addressed through an appropriate curative instruction.

## CONCLUSION

For the reasons set forth above, the government's motion for leave to conduct a Rule 15 deposition is granted.

SO ORDERED

Dated: Brooklyn, New York
      July 1, 2016

/s/
Dora L. Irizarry
United States District Judge