UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

      -against-

                                  **SUMMARY ORDER**
SYED IMRAN AHMED,                        14-CR-277 (DLI)

               Defendant.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On July 28, 2016, a jury convicted Syed Imran Ahmed, M.D. ("Defendant") of one count of health care fraud (Count One), three counts of making false statements in connection with the delivery of or payment for health care benefits, items, or services (Counts Two, Three and Four), and two counts of money laundering (Counts Five and Six). On September 9, 2016, the government submitted a proposed order of forfeiture of specific assets pursuant to 18 U.S.C. §§ 982(a)(1), (7), and the parties briefed their respective positions on the appropriateness of forfeiture. *See* Gov't. Mot. for Forfeiture of Property and Forfeiture Money J. ("Government's Motion" or "Gov't. Mot."), Dkt. Entry No. 203; Def. Opp. to Gov't. Mot. ("Def. Opp."), Dkt Entry No. 206; Reply in Further Supp. of Gov't. Mot. ("Gov't. Reply"), Dkt. Entry No. 208.

On July 25, 2017, the Court granted in part the Government's Motion, holding that Defendant is liable for and must forfeit at least $3,090,044.10, which represents the entire amount sought by the government for the Class I and Class II Claims. *United States v. Ahmed*, 2017 WL 3149336, at *21 (E.D.N.Y. July 25, 2017). The Court rejected the government's argument that the calculated fraud rate for the Class II Claims could be extrapolated to the Class III Claims. *Id.* at *20. However, the Court permitted the government to submit a declaration setting forth the results of a remittance-to-operating-room-log analysis of the not yet reviewed Class III Modifier

78 claims, or, in the alternative, demonstrate why the Class II fraud rate can be extrapolated reliably to the Class III claims. *Id.*

On September 1, 2017, the government submitted a renewed motion for forfeiture for the Class III claims ("Class III Motion"), which was accompanied by the declaration of Health and Human Services Investigator Susan G. O'Connor ("Investigator O'Connor"). *See* Gov't Class III Claims Mot. of Forfeiture ("Class III Mot."), Dkt. Entry No. 218; Declaration of Susan G. O'Connor ("O'Connor Decl."), Dkt. Entry No. 218-2. Defendant opposed the government's motion. *See* Def.'s Opp'n to Gov't Class III Mot. ("Class III Opp'n"), Dkt. Entry No. 221. The government filed a reply in further support of its motion, which requested a lesser forfeiture amount for the Class III Claims than originally requested based on certain errors in its analysis pointed out by Defendant. *See* Gov't Reply in Support of Class III Mot. ("Class III Reply"), Dkt. Entry No. 224. For the reasons set forth below, the government's motion is granted as provided in the Class III Reply.

**BACKGROUND**

Familiarity with the facts and procedural history of this case is presumed.[1] Rather than argue for extrapolation, Investigator O'Connor undertook the same operating room log analysis previously performed by Agent Giambalvo for the Class II Claims that had been approved by the Court, and "methodically reviewed the operating room logs entry by entry and determined whether or not each had a corresponding claim submitted for the same patient on the same date of service. Class III Mot. at 1-2. Investigator O'Connor "'found that a total of $4,433,029.50, or approximately 98% of the total amount paid for Class III Claims' was not supported by

---

[1] A detailed factual background may be found in the Court's July 25, 2017 Opinion and Order. *Ahmed*, 2017 WL 3149336, at *1-8.

corresponding operating room logs." *Id.* at 3 (quoting O'Connor Decl. at ¶ 8). The government contends that Investigator O'Connor's analysis satisfies the preponderance of the evidence standard with respect to the Class III Claims. *Id.*

The Defendant opposes the government's Class III Motion on three grounds: Investigator O'Connor's analysis (1) lists nearly 560 claims from 2010 as not having operating room logs, even though no logs were subpoenaed or produced for 2010, and the indictment only charges post-January 2011 conduct; (2) is unreliable in that, in at least one instance related to patient L.C., it determined there was no operating room record for an "abdominal debridement" even though there is a corresponding operating room record for a "Debridement of Wound," and (3) "fails to take into account obvious instances of date mistakes." Class III Opp'n at 2-3. Defendant argues that these fundamental flaws in the government's third attempt at this analysis require the Court to reject the motion for forfeiture with respect to the Class III Claims. *Id.* at 3.

In response, the government: (1) concedes that the 2010 claims were included in error, and withdraws those claims; (2) concedes that the inclusion of the entry for patient L.C. was "due to human error," and agrees that $698.83 should be deducted from the Class III Claims; and (3) disagrees that Investigator O'Connor failed to account for obvious date mistakes, but agrees that a deduction of $573.78 is warranted for one additional procedure for which there was an operating room log on a nearby date. Class III Reply at 1-4. The government additionally contends that it "is not aware of any other errors in Investigator O'Connor's review, nor has the defense pointed out any further errors in Investigator O'Connor's work-product." *Id.* at 2.

## DISCUSSION

The government bears the burden of establishing the amount to be forfeited by a preponderance of the evidence. *United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004)

("Because criminal forfeiture is viewed as part of the sentencing process, the government need prove facts supporting forfeiture only by a preponderance of the evidence.") (citations omitted). In making its forfeiture calculation, the Court may rely "on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32(b)(1)(B); *See United States v. Capoccia*, 503 F.3d 103, 110 (2d Cir. 2007) (finding nothing in the Federal Rules of Evidence nor any other rule prohibited the admission of hearsay at a forfeiture hearing).

The Court finds that the Defendant is liable for and must forfeit $4,175,964.85 for the Class III Claims. While it is disturbing that, after several attempts at moving for forfeiture, the government's Class III Motion contained numerous obvious and substantial errors in its calculation of the forfeiture amount for the Class III Claims, the government has acknowledged and corrected these errors and revised the forfeiture amount it seeks for the Class III Claims. *See* Class III Reply at 1, 4. The government reached the Class III Claims forfeiture amount using the same analysis that it used for the Class II Claims, which the Court previously adopted: identifying the total dollar amount of billed procedures for which there was no corresponding operating room log. *See* Class III Mot. at 2; *Ahmed*, 2017 WL 3149336, at *5. The errors in the government's motion, which the government has since corrected, do not undermine the Court's conclusion that the government has demonstrated by a preponderance of the evidence that the Defendant is liable for and must forfeit the revised total for the Class III Claims as set out in the government's reply. Accordingly, the government's Class III Motion is granted as provided in the Class III Reply.

## **CONCLUSION**

The Court finds that the Defendant is liable for and must forfeit $4,175,964.85, which represents the entire revised amount sought by the government for the Class III Claims, and brings the total amount of forfeiture for Class I, Class II, and Class III Claims to $7,266,008.95.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2018

                                                    /s/
                                    DORA L. IRIZARRY
                                        Chief Judge