```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :
                          Plaintiff,          :
                                              :        SUMMARY ORDER
                  -against-                   :        14-cr-00277 (DLI)
                                              :
SYED IMRAN AHMED, M.D.,                       :
                                              :
                          Defendant.          :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On July 28, 2016, Syed Imran Ahmed, M.D. ("Defendant") was convicted after a jury trial of one count of health care fraud (Count One), three counts of making false statements in connection with the delivery of or payment for health care benefits, items, or services (Counts Two, Three and Four), and two counts of money laundering (Counts Five and Six). *See*, Jury Verdict, Dkt. Entry No. 180. On February 14, 2018, Defendant was sentenced to 156 months' imprisonment, three years of supervised release with conditions, and ordered to pay restitution in the amount of $7,266,008.95, forfeiture in the amount of $7,266,008.95, and a fine in the amount of $20,000. *See*, Judgment, Dkt. Entry No. 238.

On February 26, 2018, Defendant appealed his conviction and sentence. *See*, Notice of Appeal, Dkt. Entry No. 240. The Second Circuit affirmed the conviction and sentence, except as to the fine, which was vacated, and the matter remanded to this Court for further proceedings consistent with the Circuit's opinion. *See*, *United States v. Ahmed*, 802 Fed. Appx. 614, 619-20 (2d Cir. 2020). Specifically, the Second Circuit directed this Court on remand to recalculate the applicable United States Sentencing Guidelines ("USSG") fine range, reconsider the amount of the fine, and amend the Court's judgment accordingly. *Id.* at 618-19. The Circuit held, and the Government conceded on appeal, that the applicable fine range had been miscalculated by this

Court based on misinformation provided by the United States Probation Department ("Probation") in the Presentence Report ("PSR"). *Id.*; *See also*, Gov't's Opp'n to the Mot. to Reduce Sentence ("Opp'n"), Dkt. Entry No. 278, at 3.

Following the Second Circuit's decision, on June 9, 2020, Defendant moved to eliminate any fine as part of his sentence in this case. *See*, Def.'s Mot. to Reduce Sentence ("Def. Mot."), Dkt. Entry No. 277. The Government opposed the motion. *See*, Opp'n. Defendant replied. *See*, Def.'s Reply ("Reply"), Dkt. Entry No. 279. For the reasons set forth below, Defendant's motion is denied; however, the fine is reduced consistent with the applicable fine range and the Court's original intention in setting the fine amount imposed at the low end of the range.

## **DISCUSSION**

The Court assumes the parties' familiarity with the facts and procedural history of this case, including the Second Circuit's decision. By the instant motion, Defendant contends that the Court should not impose a fine because he "has no assets with which to pay a fine and no present or future ability to earn a salary that would enable him to do so." Def. Mot. at 1. However, the Second Circuit already addressed the question of whether Defendant has the ability to pay a fine because Defendant made the same argument on appeal. *See*, Opp'n at 2. The Second Circuit rejected the argument, upholding the Court's decision to impose a fine as part of the sentence. *See*, *Ahmed*, 802 Fed. Appx. at 618. Regarding Defendant's financial outlook, the Second Circuit found that Defendant is well educated, will be 60 years old upon release, and presumably will enjoy the support of his immediate family members. *Id.* Thus, the Second Circuit held that the Court did not err plainly in concluding that Defendant failed to show a future inability to pay the fine. *See*, *Id.*

2

Notably, the Second Circuit did not direct this Court to hold a resentencing hearing or reanalyze its decision to impose the fine. Rather, this Court simply was directed to "recalculate" the applicable USSG fine range and "reconsider the amount" of the fine. *See*, *Ahmed*, 802 Fed. Appx. at 619. The Second Circuit vacated the fine based on its finding that this Court incorrectly calculated the fine range. *Id.* Relying on the USSG fine range calculations the United States Probation provided in the PSR for this case, the Court imposed a fine in the amount of $20,000, which was at the low end of the USSG fine range. *Id.* at 618-19; *See also*, Opp'n at 3. Neither Defense Counsel nor the Government objected to the fine range calculated by Probation. *See*, Opp'n at 3. However, as the Second Circuit noted, the applicable fine table provides that an offense level of 29 carries a minimum USSG fine of $15,000, not $20,000. *See*, *Ahmed*, 802 Fed. Appx. at 618 (citing U.S.S.G. § 5E1.2(c) (2014); U.S.S.G. § 5E1.2(h) (2016)).

In accordance with the mandate, the Court hereby orders Defendant to pay a fine in the amount of $15,000 as part of his sentence. The Court further finds that a resentencing hearing is unnecessary. As discussed by this Court has discussed during the sentencing hearing and the Second Circuit in its decision, the imposition of a fine is warranted in this case and Defendant has the ability to pay. Consistent with this Court's original intention expressed at sentencing, a fine at the low end of the USSG fine range is appropriate and not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a). Therefore, Defendant's motion is denied.

[REST OF PAGE LEFT BLANK INTENTIONALLY]

## **CONCLUSION**

For the reasons set forth above, Defendant's motion that the Court reduce his sentence by not imposing a fine at all is denied as the Court finds that a fine at the low end of the USSG fine range is appropriate and Defendant has the ability to pay. Defendant is ordered to pay a fine in the amount of $15,000 as part of his sentence. The fine is due immediately and payable at the rate of $25 per quarter while in custody and at 10% of gross income per month while on supervised release. Interest is waived as to the fine. The judgment shall be amended only to reflect the change in the fine amount.

SO ORDERED.

DATED: Brooklyn, New York
         September 23, 2021

                                                            /s/
                                      DORA L. IRIZARRY
                                    United States District Judge